Matthew M. MARLEY

v.

CITY OF ALLENTOWN and
Joseph S. Effting.

Civ. A. No. 90–6595.

United States District Court,
E.D. Pennsylvania.

Sept. 23, 1991.

Richard J. Orloski, Orloski & Hinga, Allentown, Pa., for plaintiff.

Edward C. McCardle, Kathryn Wohlsen Mayer, City of Allentown, Solicitor's Office, Allentown, Pa., for defendants.

## MEMORANDUM

CAHN, District Judge.

In this action under 42 U.S.C. § 1983, the plaintiff alleges that the defendants violated his Fourth Amendment rights by effecting an unreasonable seizure of his person using a trained attack dog. The canine seriously injured the plaintiff in the process of apprehending him at defendant Officer Effting's direction. On July 3, 1991, the jury returned a verdict in favor of the plaintiff. Officer Joseph S. Effting ("the defendant") has moved for judgment notwithstanding the verdict ("J.N.O.V.") or, in the alternative, for a new trial. *See* Fed. R.Civ.P. 50(b), 59.

## BACKGROUND

On April 1, 1990, Officer Ronald Christman of the Allentown Police Department signalled to the plaintiff that he should pull his vehicle to the side of the road. Officer Christman did so because the license plate on the plaintiff's vehicle appeared improper. Instead of stopping as directed by the police officer, the plaintiff sped away. Eventually, the plaintiff got out of his automobile and fled on foot.

Officer Joseph Effting, the defendant, arrived after the plaintiff had abandoned his car. Officer Effting ordered the police dog under his control to pursue the plaintiff. The canine stopped the plaintiff by biting him on his right thigh and calf.

## STANDARD OF REVIEW

J.N.O.V. motions are "appropriate under very limited circumstances. The jury's verdict may be set aside only if manifest injustice will result if it were allowed to stand." *Northeast Women's Center, Inc. v. McMonagle*, 689 F.Supp. 465, 468 (E.D.Pa.1988). In considering the motion, I must view the evidence in the light most favorable to the non-moving party. Furthermore,

> the court must find as a matter of law that the plaintiff failed to adduce sufficient facts to justify the verdict. The motion "may be granted only when without weighing the evidence, there can be but one reasonable conclusion as the proper judgment." Where there is conflicting evidence which could lead to inconsistent conclusions, a judgment N.O.V. should not be granted.

*Id.* (citing *Marian Bank v. International Harvester Credit Corp.*, 550 F.Supp. 456, 460 (E.D.Pa.1982), *aff'd*, 725 F.2d 669 (3d Cir.1983)). When considering a Motion for

a New Trial under Fed.R.Civ.P. 59, the court must "abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result." *Northeast Women's Center*, 689 F.Supp. at 468 (quoting *Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 89 (3d Cir.), *cert. denied*, 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960)).

## DISCUSSION

The defendant contends that his motion for J.N.O.V. or a new trial must be granted for four reasons. First, the court erred in failing to direct a verdict in favor of the defendant on the ground that he was entitled to qualified immunity. Second, the court erred in allowing the jury to determine whether the use of the police dog constituted deadly force. Third, the evidence failed to support the jury's finding that the police officer's use of force was objectively unreasonable under the circumstances. Fourth, the trial court failed to instruct the jury on the correct standard for punitive damages. I will address each contention in turn.

### A. *Qualified Immunity*

 Officer Effting asserts that the court erred in failing to recognize his right to qualified immunity. A government official asserting qualified immunity must establish that his conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985); *Stoneking v. Bradford Area School Dist.*, 882 F.2d 720, 726 (3d Cir.1989), *cert. denied* 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990). The defendant bears the burden of proof on the issue of immunity. *See Stoneking*, 882 F.2d at 726. "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established at the time it was taken.'" *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987) (quoting *Harlow*, 457 U.S. at 818, 819, 102 S.Ct. at 2738).

In *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Court established the test for reasonableness under the Fourth Amendment: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." 109 S.Ct. at 1872. The defendant maintains that he could not have known that the use of a police dog to stop a fleeing suspect would amount to a constitutional violation. In making this argument, the defendant relies mainly on *Robinette v. Barnes*, 854 F.2d 909 (6th Cir.1988).

*Robinette* does not support the defendant's position, however. In *Robinette*, the United States Court of Appeals for the Sixth Circuit merely applied *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) to the facts of the case before it. In *Garner*, the Court held that the apprehension of a criminal suspect "by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." 471 U.S. at 7, 105 S.Ct. at 1699. The Court then discussed the factors relevant for an assessment of a seizure's reasonableness.

 *Robinette* merely held that a police dog can be used to apprehend a suspected felon, even if the use of a police dog amounts to deadly force. *Robinette*, 854 F.2d at 913. In this case, the plaintiff was, at most, a suspected misdemeanant, not a suspected felon. Additionally, the officer unleashed the canine when the unarmed plaintiff was either fleeing or stopping. Accordingly, one could reasonably conclude that the plaintiff posed no threat to the officer. *Cf. Garner*, 471 U.S. at 21, 105 S.Ct. at 1706 (officer did not have probable cause to believe that fleeing, unarmed burglary suspect posed a threat and, therefore, use of deadly force unreasonable).

Officer Effting should have been aware of the constitutional constraints enunciated in *Garner*, and it was not objectively rea-

sonable for him to think that unleashing a trained attack dog to apprehend a fleeing misdemeanant comported with those constraints. Therefore, he is not entitled to qualified immunity.

### B. *Deadly Force Instruction*

 The defendant also maintains that the court erred in instructing the jury to determine whether or not the force Officer Effting used was "deadly." According to the defendant, after *Graham v. Connor, supra,* the issue of deadly force is irrelevant. This argument must fail.

*Graham* held that the crucial inquiry in a Fourth Amendment case is whether the officer's actions are objectively reasonable in light of the facts and circumstances of the case. After *Garner,* it is not objectively reasonable to use deadly force to apprehend a non-felon who poses no threat to the police officer.

In the charge, the court explained this holding of *Garner,* and then directed the jury to assess the plaintiff's claim under the totality of the circumstances of this case, as required by *Graham.* If the force was deadly, the officer's actions could not be objectively reasonable after *Garner,* because of the fact that, in this case, the suspect was an unarmed, fleeing misdemeanant. Thus, the reference to deadly force was appropriate and the jury applied the *Graham* facts and circumstances test in reaching its conclusion.

### C. *Failure of Plaintiff to Establish Objective Unreasonableness of Officer Effting's Actions*

The defendant argues that the evidence did not support the jury's verdict. This argument also fails. The evidence supported a finding that the defendant unleased a police dog on the plaintiff, possibly after the plaintiff had stopped fleeing, when the plaintiff was unarmed and posed no threat to anyone. Given those facts and circumstances, even if the use of a trained attack dog does not constitute deadly force, the use of such a dog may be objectively unreasonable. The jury's verdict is amply supported by the evidence.

### D. *Punitive Damages*

In his post-trial motion, the defendant objects to the court's charge on punitive damages. When asked for his objections to the charge at trial, however, the defendant did not raise this claim. *See* Notes of Testimony at 186–89. Therefore, he has waived his objection. *See* Fed. R.Civ.P. 51.

### CONCLUSION

Based on the foregoing discussion, the court shall deny the defendant's Motion for Judgment Notwithstanding the Verdict, or in the alternative, for a New Trial.